UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID PATCHAK<br>2721 6th Street,<br>Shelbyville, Michigan 49344<br><br>**Plaintiff**,<br><br>v.<br><br>DIRK KEMPTHORNE, in his official<br>capacity as SECRETARY OF THE<br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street, N.W.,<br>Washington, D.C. 20240,<br><br>and<br><br>CARL J. ARTMAN, in his official<br>capacity as ASSISTANT<br>SECRETARY OF THE UNITED STATES<br>DEPARTMENT OF THE INTERIOR,<br>BUREAU OF INDIAN AFFAIRS<br>1849 C Street, N.W.,<br>Washington, D.C. 20240,<br><br>**Defendants.** | **CIVIL ACTION NO.**_____ |

**VERIFIED COMPLAINT**

Plaintiff David Patchak ("Plaintiff" or "Mr. Patchak") brings this action against Defendants Dirk Kempthorne, Secretary of the United States Department of the Interior, and Carl J. Artman, Assistant Secretary of the United States Department of the Interior, Bureau of Indian Affairs, and states as his Complaint as follows:

## I.   JURISDICTION AND VENUE

1. Plaintiff brings this action under sections 5 and 19 of the Indian Reorganization Act of 1934 ("IRA"), 25 U.S.C. §§ 465, 479. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, as an action arising under the laws of the United States. This Court may issue declaratory relief and reverse, delay, or postpone Defendants' actions or otherwise issue an injunction under 28 U.S.C. § 2201 and 5 U.S.C. §§ 702, 705.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## II.   PARTIES AND STANDING

3. Plaintiff David Patchak has lived in a rural area commonly referred to as Shelbyville, more formally known as Wayland Township, Michigan, at all times pertinent to this action.

4. Defendant Dirk Kempthorne is the Secretary of the United States Department of the Interior, an administrative agency of the United States, and is sued in his official capacity.

5. Defendant Carl J. Artman is Assistant Secretary of the United States Department of the Interior, Bureau of Indian Affairs, an administrative agency of the United States, and is sued in his official capacity.

6. Defendants' actions threaten to injure Plaintiff in a way that is different from the citizenry at large, since he will be exposed to and injured by the negative effects of building and operating a massive casino in his community.

7. Plaintiff's injuries and grievances have been caused, facilitated, or made possible by the activities that form the basis of this Complaint, and will be redressed by a ruling in Plaintiff's favor. Plaintiff's interests fall within the zone of interests protected by the laws sought to be enforced in this action.

### III.    STATEMENT OF FACTS

8.    The United States Department of the Interior ("DOI") and the Bureau of Indian Affairs ("BIA") (collectively, "Defendants") have unlawfully approved placing into trust approximately 146 acres of land in rural Wayland Township, Michigan, ("the Property") for use by the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians ("Gun Lake Band") to construct and operate a nearly 200,000 square-foot casino complex.

9.    A long time resident of Shelbyville, Plaintiff is in close proximity to the land that Defendants propose to take into trust for a casino. Mr. Patchak moved to the area because of its unique rural setting, and values the quiet life he leads in Wayland Township. He fears that the construction and operation of a huge casino would destroy the lifestyle he has enjoyed. Mr. Patchak will be disproportionately affected if the Property is placed in trust and the Gun Lake Band follows through with its plans to build a 200,000-square-foot casino complex that is anticipated to draw more than 3.1 million visitors a year. Such a casino would detract from the quiet, family atmosphere of the surrounding rural area. Among the negative effects of building and operating the anticipated casino in Mr. Patchak's community are: (a) an irreversible change in the rural character of the area; (b) loss of enjoyment of the aesthetic and environmental qualities of the agricultural land surrounding the casino site; (c) increased traffic; (d) increased light, noise, air, and storm water pollution; (e) increased crime; (f) diversion of police, fire, and emergency medical resources; (g) decreased property values; (h) increased property taxes; (i) diversion of community resources to the treatment of gambling addiction; (j) weakening of the family atmosphere of the community; and (k) other aesthetic, socioeconomic, and environmental problems associated with a gambling casino.

10.    Defendants have no authority to place the Property into trust for the Gun Lake Band because the Indian Reorganization Act of 1934 ("IRA") only permits land to be taken into

trust for Indian tribes that were federally recognized as of June 1934, when the IRA was enacted. The Gun Lake Band was not federally recognized in June 1934. Therefore, Defendants' unlawful and *ultra vires* decision must be reversed and an injunction entered to prevent the placement of the land into trust.

### A. The Stay Which Thus Far Has Prevented Defendants from Taking the Property Into Trust Will Expire On August 1, 2008

11. Upon information and belief, Defendants have thus far refrained from taking the Property into trust due to the March 5, 2007 stay ordered by Judge Penn in *MichGO v. Kempthorne*, ("the MichGO case"), preventing them from doing so until "the merits of MichGO's claims have been decided on appeal by the United States Court of Appeals for the District of Columbia Circuit." (March 5, 2008 Order at 6-7)

   a. On April 29, 2008, the United States Court of Appeals for the District of Columbia Circuit issued a *per curiam* opinion affirming summary judgment against MichGO on its claims that (1) DOI's approval of the proposed Gun Lake Band casino complex violated the National Environmental Protection Act ("NEPA"), and (2) Section 5 of the Indian Reorganization Act ("IRA") was unconstitutional in violation of the nondelegation doctrine. Judge Janice Rogers Brown filed a 13-page dissent, stating her opinion that Section 5 of the IRA is unconstitutional.

   b. MichGO filed a petition for rehearing *en banc* on May 13, 2008. The Court issued a *per curiam* Order on July 25, 2008 denying the petition for rehearing *en banc*. Chief Judge Sentelle and Judges Brown and Griffith indicated that they would have granted the petition.

   c. MichGO, intending to appeal the decision against it to the United States Supreme Court, asked Defendants to refrain from taking the Property in trust pending conclusion

4

of the litigation, but Defendants rejected that request, stating that they intended to proceed with the land acquisition after the mandate issues.

        d.    Upon information and belief, the United States District Court for the District of Columbia's mandate will issue on Friday, August 1, 2008, at which point the Defendants intend to take the Property into trust for the Gun Lake Band.

12.    Once the land is placed in trust, legal and practical hurdles will make it virtually impossible to challenge Defendants' decision and the casino's legality:

        a.    The Department of Interior has successfully argued that the Quiet Title Act, 28 U.S.C. § 2409a(a), bars any suit to challenge a land-in-trust acquisition – or any other claim relating to Indian lands – once the land has been taken into trust. *See Neighbors for Rational Devel., Inc. v. Norton*, 379 F.3d 956, 961-62 (10th Cir. 2004). Plaintiffs' claim will therefore be irrevocably lost if an injunction is not issued to prevent the land from being taken into trust pending the outcome of the litigation.

        b.    Once gambling operations begin, neither Plaintiffs nor the State of Michigan will be able to sue the tribe directly because of tribal sovereign immunity. *See, e.g., Florida v. Seminole Tribe of Florida,* 181 F.3d 1237 (11th Cir. 1999).

13.    Plaintiff's remedies at law are inadequate. Injunctive relief, both preliminary and permanent, is necessary to prevent irreparable injury.

14.    It is essential to preserve the status quo and prevent irreparable harm to Plaintiffs by preventing the taking of any land into trust pending adjudication of Plaintiff's claim.

### B. The Gun Lake Band's Trust Application and Defendants' Land-Into-Trust Decision

15.    The Gun Lake Band descends primarily from a band of Pottawatomi Indians led by Chief Match-E-Be-Nash-She-Wish during the late 1700s and early 1800s, when they lived in

villages along the Kalamazoo River, in and around what is now Kalamazoo, Michigan. The Gun Lake Band was initially recognized as a tribe by the federal government early in its history, and was a party to 16 treaties with the U.S. government between 1795 and 1855 which the Band negotiated as an independent sovereign.

16. In 1870, the Gun Lake Band discontinued its compliance with its 1855 treaty by moving from Oceana County to Allegan County. 62 Fed. Reg. 38,113 (1997). At that time, the Band received its last annuity-commutation payment from the federal government under the treaty. *Id.*

17. For the next 128 years, the federal government did not recognize the Gun Lake Band as a sovereign Indian tribe.

18. In the mid-1990s, the Gun Lake Band applied to regain its federal recognition through the DOI's formal recognition procedure. The United States formally recognized the Gun Lake Band in October 1998. 63 Fed. Reg. 56936-01 (1998).

19. After receiving federal re-recognition, the Gun Lake Band decided to acquire lands on which to build a casino. The Band looked at several sites in Allegan County, Michigan before choosing a two-parcel tract totaling approximately 146 acres in rural Wayland Township.

20. On August 8, 2001, the Gun Lake Band submitted an application asking the United States to acquire the Wayland Township property, known as the Bradley Tract, and set aside the land in trust for the benefit of the Tribe to construct and operate a casino complex.

21. On May 13, 2005, Defendants published a Notice of Final Agency Determination, announcing their decision to accept the Gun Lake Band's application and place the land into trust to "be used for the purpose of construction and operation of a gambling facility." 70 Fed. Reg. 25596 (2005). In the Notice, Defendants expressly cited IRA Section 5 as providing the

6

statutory authority to take the land into trust. *Id.*

### C. The Indian Reorganization Act Only Affords Protection to Indian Tribes Which Enjoyed Federal Recognition as of June 1934.

22. Section 5 of the Indian Reorganization Act of 1934, 25 U.S.C. § 465, permits Defendants to take land into trust for "Indians." Section 19 of IRA in turn limits "Indians" to "any recognized Indian tribe now under Federal jurisdiction." 25 U.S.C. § 479. As the United States Supreme Court has stated, Section 19 thus applies to tribes that were federally recognized "in 1934." *United States v. John*, 437 U.S. 634, 650 (1978). The text of Section 19 has not changed since its enactment in 1934.

23. The Gun Lake Band was not a federally recognized tribe in June 1934, when the IRA was enacted. Indeed, BIA has determined that the Band's federal acknowledgement ceased in 1870. 62 Fed. Reg. 38,113 (1997).

24. The Gun Lake Band admitted in a brief recently filed before the United States Court of Appeals for the District of Columbia Circuit that "the federal government withheld formal acknowledgement beginning in 1870. . . . Thus, for well over a century, the Tribe was denied both federal recognition and reservation lands on which it could pursue communal self-determination and self-sufficiency." (Br. for Def.-Appellee Match-E-Be-Nash-She Wish Band of Pottawatomi Indians in *MichGO v. Kemphthorne*, at 3.)

### CAUSE OF ACTION

**Declaratory Judgment and Injunctive Relief, 5 U.S.C § 702**

25. Plaintiff incorporates by reference and realleges Paragraphs 1 – 24 as if fully set forth herein.

26. The IRA limits Defendants' power to take land into trust only for Indian tribes that were federally recognized in June 1934, when the IRA was enacted. 25 U.S.C. §§ 465, 479.

7

27. The Gun Lake Band was not a federally recognized Indian tribe in June 1934.

28. Since the Gun Lake Band was not federally recognized in June 1934, Defendants have no power to grant the Gun Lake Band's trust application and take the land into trust for the benefit of the Gun Lake Band. Indeed, Defendants' approval of the trust acquisition violates §§ 5 and 19 of the Indian Reorganization Act of 1934, 25 U.S.C. §§ 465, 479 and is *ultra vires*.

29. One Federal Circuit Court – the First Circuit, in *Carcieri v. Kempthorne*, 497 F.3d 15 (1st Cir. 2007) – has held that the IRA does not necessarily prevent transfers-in-trust to Indian tribes not federally recognized by June 1934. However, the United States Supreme Court recently granted the State of Rhode Island's petition for certiorari in that case and will review that decision. *See* No. 07-526, 2008 WL 482033 (Feb. 25, 2008). Specifically, the Supreme Court granted certiorari to decide "[w]hether the 1934 Act empowers the Secretary to take land into trust for Indian tribes that were not recognized and under federal jurisdiction in 1934." *Id.*

30. If the Supreme Court rules in Rhode Island's favor on this question, the decision will be dispositive here because it is undisputed that the Gun Lake Band lost its federal recognition long before enactment of the IRA.

31. Plaintiff is entitled to judicial review of Defendants' unlawful actions under the APA. *See* 5 U.S.C. §§ 702 and 706.

32. Plaintiff's remedies at law are inadequate. Injunctive relief, both preliminary and permanent, is necessary to prevent irreparable injury. In the absence of the relief requested in this action, the approximately 146 acres of land will be irretrievably lost and an unlawful casino complex allowed to open and operate in Wayland Township.

33. Because the Supreme Court's decision in *Carcieri v Kempthorne* will, in all likelihood, resolve the sole legal issue that is the subject of this Complaint, this Court should

enjoin Defendants from taking the approximately 146 acres into trust and stay any future proceedings in this Court pending a decision in *Carcieri v Kempthorne*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A) That the Court find the action of Defendants unlawful and reverse the decision to take the Property into trust for the Gun Lake Band;

(B) That the Court issue a declaratory judgment declaring that Defendants' decision to take the Property into trust violates Sections 5 and 19 of the Indian Reorganization Act, 25 U.S.C. §§ 465, 479, and is *ultra vires*;

(C) That the Court issue an order staying the action of Defendants and/or issuing a preliminary injunction prohibiting the acceptance or transfer of any land into trust for the benefit of the Gun Lake Band, effective immediately and pending litigation of the issues raised in this Complaint;

(D) That the Court issue a permanent injunction prohibiting Defendants from accepting or transferring any land into trust for the benefit of the Gun Lake Band;

(E) That the Court award to Plaintiff all of his costs and reasonable attorney fees; and

  (F) That the Court award such other relief as it deems proper to effectuate the purposes of this action.

Dated:  August 1, 2008

               Respectfully submitted,

               _____/s/_____

               Tobey B. Marzouk  (D.C. Bar No. 941476)
               MARZOUK & PARRY
               1120 Nineteenth Street, N.W.
               Suite 750
               Washington, D.C.  20036
               Phone:  (202) 463-7293
               Fax:     (202) 955-9371
               Email:   tmarzouk@mptechlaw.com


               Bruce A. Courtade
               Gregory G. Timmer
               RHOADES McKEE
               161 Ottawa Ave. NW, Suite 600
               Grand Rapids, Michigan 49503
               Phone:  (616) 235-3500
               Fax:     (616) 459-5102
               Email:   bacourta@rhoadesmckee.com


               Attorneys for Plaintiff

## VERIFICATION

I, David Patchak, Plaintiff in this action declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed On:  July 31, 2008

_____/s/_____
David Patchak

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
David Patchak

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Allegan (88888)
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
U.S. Department of Interior, Dirke Kempthorne, Secretary; and Bureau of Indian Affairs, Carl J. Artman, Assistant Secretary of U.S. Department of Interior

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Tobey B. Marzouk (D.C. Bar No. 941476)
Marzouk & Parry
1120 Nineteenth Street, N.W., Suite 750
Washington, D.C. 20036
202-463-7293

Case: 1:08-cv-01331
Assigned To : Leon, Richard J.
Assign. Date : 8/1/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- [x] 2 U.S. Government Defendant
- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. Antitrust
- [ ] 410 Antitrust

### B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### C. Administrative Agency Review (selected)
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff))
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [x] 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. General Civil (Other)    OR    F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Indian Reorganization Act of 1934, 25 U.S.C. 465, 479. Complaint for injunction preventing Defendants from placing certain land in trust for Indian Tribe.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE August 1, 2008    SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.