**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DAVID PATCHAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DIRK KEMPTHORNE, in his official capacity | ) | Case No. 1:08-CV-01331 |
| as SECRETARY OF THE UNITED STATES | ) | Hon. Richard J. Leon |
| DEPARTMENT OF THE INTERIOR, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CARL J. ARTMAN, in his official capacity as | ) | |
| ASSISTANT SECRETARY OF THE UNITED | ) | |
| STATES DEPARTMENT OF THE INTERIOR, | ) | |
| BUREAU OF INDIAN AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MATCH-E-BE-NASH-SHE-WISH BAND OF | ) | |
| POTTAWATOMI INDIANS, a federally | ) | |
| recognized Indian Tribe, | ) | |
| | ) | |
| Intervenor. | ) | |

**PROPOSED ANSWER OF THE**
**MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS**

Proposed Intervenor Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians ("Tribe"), a federally-recognized Indian Tribe, submits this Answer to Plaintiff David Patchak's Complaint. The Tribe specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified or denied in this Answer.

## JURISDICTION AND VENUE

1.    The Tribe admits that this action purports to be an action for review pursuant to the Administrative Procedure Act ("APA") and the Indian Reorganization Act of 1934 ("IRA"), but denies that Plaintiff is entitled to the relief requested. The Tribe denies the balance of the allegations contained in paragraph 1.

2.    The Tribe admits the allegation contained in paragraph 2.

## PARTIES AND STANDING

3.    The allegation in paragraph 3 constitutes Plaintiff's description and characterization of himself, to which no substantive response is required.

4.    The Tribe admits that Dirk Kempthorne is the Secretary of the United States Department of the Interior, which is an administrative agency of the United States.

5.    The Tribe denies that Carl J. Artman is the Assistant Secretary of the United States Department of the Interior, Bureau of Indian Affairs, which is an administrative agency of the United States, as Mr. Artman purportedly resigned from that position in May 2008.

6.    The Tribe denies the allegations in paragraph 6.

7.    The Tribe denies the allegations in paragraph 7.

## STATEMENT OF FACTS

8.    The Tribe admits that the United States Department of the Interior ("DOI") and the Bureau of Indian Affairs ("BIA") (collectively termed "Defendants") have approved taking a

147-acre parcel of land into trust for the benefit of the Tribe and that the Tribe intends to construct and operate a casino on the parcel.  The allegation that the above actions are unlawful is a conclusion of law and therefore requires no response, but to the extent a response is required, the Tribe denies that the above actions are in any way unlawful.

9.      The Tribe lacks information or knowledge sufficient to form a belief as to the truth of Plaintiff's assertions regarding his intent in moving into the area or his subjective fears. The Tribe denies the allegations that the Tribe's casino will cause any negative impacts and that Plaintiff will be disproportionately affected by the Tribe's casino.  The Tribe further denies the remaining allegations contained in paragraph 9.

10.     Paragraph 10 is a conclusion of law and therefore requires no response.  However, to the extent that a response is required, the Tribe denies paragraph 10.

11.     The Tribe admits that Judge Penn issued a stay in the litigation captioned *MichGO v. Kempthorne*, and states that Judge Penn's orders speak for themselves.

a.      The Tribe admits that on April 29, 2008, the United States Court of Appeals for the District of Columbia Circuit issued an opinion affirming the District Court, and states that the substance of the April 29, 2008 opinion speaks for itself.

b.      The Tribe admits that MichGO filed a petition for rehearing en banc on May 13, 2008 and that the Court denied the petition on July 25, 2008, and states that the July 25, 2008 order speaks for itself.

c.      The Tribe was not a party to conversations between MichGO and Defendants and lacks first hand knowledge of such conversation.

d.    The Tribe denies that the United States District Court from the District of Columbia issued a mandate on Friday, August 1, 2008.  The Tribe further states that the Court of Appeals for the District of Columbia Circuit has not issued its mandate.

12.    Paragraph 12 contains conclusions of law, to which no response is required.

a.    Paragraph 12(a) contains conclusions of law to which no response is required.

b.    Paragraph 12(b) contains conclusions of law to which no response is required.

13.    Paragraph 13 calls for relief.  The Tribe denies that Plaintiff is entitled to any of the relief requested.

14.    Paragraph 14 calls for relief.  The Tribe denies that Plaintiff is entitled to any of the relief requested, and further denies that Plaintiff will suffer any irreparable harm.

15.    The Tribe admits the allegations contained in paragraph 15.

16.    The allegation contained in paragraph 16 contains conclusions of law, to which no response is required.  To the extent that a response is required, the Tribe denies that 62 Fed. Reg. 38,113 (July 16, 1997) states that "[i]n 1870, the Gun Lake Band discontinued its compliance with its 1855 treaty by moving from Oceana County to Allegan County."  With respect to the second sentence, the Tribe admits that 62 Fed. Reg. 38,113 (July 16, 1997) states that the Tribe "received annuity payments under this [the 1855 Treaty of Detroit] until the final commutation payment in 1870."

17.    Paragraph 17 contains an issue of law, to which no response is required

18.     The Tribe admits that it petitioned the Department of Interior to be acknowledged as an Indian Tribe in approximately 1994, pursuant to 25 C.F.R. Part 83, and that the DOI determined that the Gun Lake Tribe exists as an Indian tribe on or about October 23, 1998.

19.     Insofar as the Plaintiff categorizes the Bradley Tract as "rural," the Tribe denies the allegation contained in paragraph 19, but the Tribe admits the remaining allegations contained in paragraph 19.

20.     The Tribe admits that the Tribe submitted a fee-to-trust application to the United States for a parcel of land termed as "the Bradley Tract," requesting the United States to accept the Tract into trust, and that a portion of the Bradley Tract will be used to construct and operate a casino.  The Tribe denies the allegations of paragraph 20, insofar as they suggest the casino will occupy the entire Bradley Tract.

21.     The Tribe admits the allegations contained in paragraph 21.

22.     Paragraph 22 contains conclusions of law, to which no response is required.  To the extent that a response is required, the Tribe states that the IRA and *United States v. John*, 437 U.S. 634, 650 (1978) speak for themselves, and the Tribe denies that the IRA only applies to Indian tribes that were federally recognized in 1934.

23.     Paragraph 23 contains a conclusion of law, to which no response is required.  To the extent that a response is required, the Tribe states that the Department of Interior ("DOI") has determined that the Tribe continually existed as an Indian tribe since at least 1870, *see* 63 Fed. Reg. 56,936 (Oct. 23, 1998).

24.     The Tribe admits that it filed a brief in the *MichGO v. Kempthorne* litigation, but states that the brief speaks for itself.

**CAUSE OF ACTION**

25.    The Tribe avers that paragraph 25 reasserts and incorporates the allegations contained in the previous allegations and therefore no further response is required.

26.    Paragraph 26 contains a conclusion of law, to which no response is required.  To the extent that a response is required, the Tribe denies that IRA limits Defendants' power to take land into trust only for Indian tribes that were federally-recognized in June 1934.

27.    Paragraph 27 contains a conclusion of law to which no response is required.  To the extent that a response is required, the Tribe states that the Department of Interior has determined that the Tribe continually existed as an Indian tribe since at least 1870, *see* 63 Fed. Reg. 56,936 (Oct. 23, 1998).

28.    Paragraph 28 contains a conclusion of law to which no response is required.  To the extent that a response is required, the Tribe denies the allegations in paragraph 28.

29.    The Tribe admits that the First Circuit in *Carcieri v. Kempthorne* held that the IRA does not prevent fee-to-trust transfers for Indian tribes not recognized in 1934, and admits that the United States Supreme Court has granted a petition for a writ of certiorari on that issue.

30.    Paragraph 30 contains a conclusion of law, to which no response is required.  To the extent that a response is required the Tribe denies paragraph 30 and states that the Department of Interior has determined that the Tribe continually existed as an Indian tribe since at least 1870, *see* 63 Fed. Reg. 56,936 (Oct. 23, 1998).

31.    Paragraph 31 contains a call for relief, to which no response is required.  To the extent that a response is required, the Tribe denies that Plaintiff is entitled to judicial review under the APA.

32.     Paragraph 32 is a call for relief to which no response is required.  To the extent that a response is required, the Tribe denies that Plaintiff is entitled to any of the relief requested. The Tribe further denies that the Plaintiff will sustain any injury.

33.     Paragraph 33 is a call for relief to which no response is required.  To the extent that a response is required, the Tribe denies that Plaintiff is entitled to any of the relief requested.

## PRAYER

The remaining paragraphs are calls for relief.  The Tribe denies that Plaintiff is entitled to any of the relief, attorney's fees or costs requested.

## INTERVENOR'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint should be dismissed because the Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint should be dismissed because the Plaintiff lacks standing to bring this action.

### Third Affirmative Defense

The Complaint should be dismissed because the Plaintiff is precluded from bringing this suit by the doctrine of laches.

### Fourth Affirmative Defense

The Complaint should be dismissed because the Plaintiff is precluded from bringing this suit by res judicata.

**Fifth Affirmative Defense**

The Complaint should be dismissed because Plaintiff failed to file his complaint within the period prescribed by the statute of limitations.

**Sixth Affirmative Defense**

The Tribe asserts all other affirmative defenses that may be revealed subsequent to this filing.

WHEREFORE, the Tribe respectfully requests judgment dismissing the Plaintiff's Complaint herein, together with all costs and reimbursement for defense of this action and for such other relief as the Court deems just and proper.


Respectfully submitted August 19, 2008.


                                        Match-E-Be-Nash-She-Wish Band of
                                        Pottawatomi Indians, Intervenor-Defendant,

                                        By ___/s/ Conly J. Schulte_____
                                           Conly J. Schulte
                                           Shilee T. Mullin
                                           FREDERICKS PEEBLES & MORGAN LLP
                                           3610 North 163rd Plaza
                                           Omaha, NE  68116
                                           Telephone (402) 333-4053
                                           Fax (402) 333-4761

                                           Seth P. Waxman
                                           Edward C. DuMont
                                           Demian S. Ahn
                                           WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                           1875 Pennsylvania Avenue NW
                                           Washington, DC  20006
                                           Telephone (202) 663-6910
                                           Fax (202) 663-6363

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 19, 2008, a copy of the foregoing PROPOSED ANSWER OF THE MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS was served by first class mail on the parties below, and was filed electronically with the Clerk of the Court.  The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.  The following parties were additionally served by first class mail:

Tobey B. Marzouk
MARZOUK & PARRY
1120 Nineteenth Street, N.W., Suite 750
Washington, DC  20036
Counsel for Plaintiff

Bruce A. Courtade
Gregory G. Timmer
RHOADES MCKEE
161 Ottawa Ave. N.W., Ste. 600
Grand Rapids, MI  49503
Counsel for Plaintiff

Gina L. Allery
U.S. Department of Justice
Environment & Natural Resources Div.
Indian Resources Section
P.O. Box 44378
Washington, D.C. 20026-4378

                                                          /s/ Conly J. Schulte
                                           _____